**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, NATIONAL COUNCIL OF SSA FIELD OPERATIONS LOCALS, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

**Department of Health and Human Services, Social Security Administration Field Operations, Intervenor.**

**DEPARTMENT OF THE TREASURY, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

**National Treasury Employees Union, Intervenor.**

**Nos. 87–1446, 87–1770.**

United States Court of Appeals, District of Columbia Circuit.

June 13, 1988.

William Kanter and Howard S. Scher, Dept. of Justice, Washington, D.C., were on the motions to reconsider and to permit intervenor to proceed in place of petitioner, filed by intervenor Department of Health and Human Services, and on the opposition to motion to dismiss, filed by respondent Federal Labor Relations Authority.

Ruth E. Peters, Sol., William E. Persina, Deputy Sol., Arthur A. Horowitz, Associate

Sol. and Elsa D. Newman, Federal Labor Relations Authority, Washington, D.C., were on the motion to dismiss and on the response in opposition to motion to proceed as petitioner, both filed by respondent.

Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

### ORDER

PER CURIAM:

Upon consideration of the motions to reconsider the order dismissing the case and to proceed as the petitioner and the opposition thereto in Case No. 87–1446 and the motion to dismiss in Case No. 87–1770 and the opposition thereto, it is

ORDERED by the court that the motion to reconsider the order dismissing the case in 87–1446 be denied and the motion to dismiss the petition for review in 87–1770 be granted. Intervenor and petitioner have failed to establish that they are "persons aggrieved" by the Federal Labor Relations Authority's ("FLRA") order within the meaning of section 7123(a) of the Federal Service Labor–Management Relations Statute, 5 U.S.C. § 7101 *et seq.* (1982). *See Oil, Chemical & Atomic Workers v. NLRB,* 694 F.2d 1289, 1294 (D.C.Cir.1982). Neither agency has been required to engage in any affirmative act nor has the FLRA's order caused any direct injury to the agencies. In any event, the agencies would not be precluded from judicial review on a petition for review from an unfavorable FLRA decision in an Unfair Labor Practice proceeding or negotiability appeal. It is

FURTHER ORDERED that the motion to proceed as petitioner in 87–1446 be dismissed as moot.